UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lee E. Johnson and Joey Marie Kelly, on behalf of themselves and all others similarly situated, *Plaintiffs*, | Civil No. 3:11cv465 (JBA) |
| *v.* | |
| Priceline.com Inc., *Defendant*. | March 30, 2012 |

RULING ON MOTION TO DISMISS

On June 24, 2011, Plaintiffs Lee E. Johnson and Joey Marie Kelly, on behalf of themselves and all others similarly situated, filed an Amended Class Action Complaint [Doc. # 27] against Defendant Priceline.com, Inc. ("Priceline"), claiming breach of fiduciary duty (Count One), breach of contract (Count Two), and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Three).  Defendant moves [Doc. # 31] to dismiss the Amended Class Action Complaint.  For the reasons that follow, Defendant's motion will be granted.

I.      Factual Allegations

Plaintiffs allege as follows in their Amended Class Action Complaint.  Under Priceline's "Name Your Own Price" business model (one of three business models by which Priceline allows online customers to book hotel rooms using its services), consumers use Priceline's website to specify the dates for which they are seeking a hotel room, the geographic location where they would like to stay, the minimum quality level of the hotel, and a "bid price" in the amount the consumer offers to pay Priceline if it finds a hotel that matches the consumer's specifications.  (Am. Compl. ¶ 16.)  Plaintiffs allege that "Priceline will not book a room on behalf of the consumer unless the price Priceline pays to the hotel

is less than the consumer's bid, thereby allowing Priceline to markup the cost of the room to ensure Priceline a profit on the transaction." (*Id.*) They further allege that under this model, "the consumer is deceived to believe that Priceline is acting as a travel agent with the client's best interest in mind." (*Id.* ¶ 17.)

According to Plaintiffs, Priceline states in its agreement with the consumer "that it is not the vendor or co–vendor of the room," however the model is deceptive "because it suggests to the consumer that Priceline is negotiating a low price for the consumer when in fact Priceline is seeking a lower price for itself to increase the amount of its undisclosed profit." (*Id.*) They allege that "consumers are led to believe that Priceline is acting as their agent and negotiating a lower price from the hotel on their behalf, but instead Priceline is searching for a lower price for itself, then marking up the hotel price and selling it to its customers at the price it knows the consumer is willing to pay." (*Id.*) "Priceline leads the consumer to believe that the hotel is renting the room to the consumer for the price he or she is willing to pay." (*Id.*)

Plaintiff Lee Johnson alleges that using Priceline's NYOP model he bid $125 per night for two nights in a four–star hotel in Richmond, Virginia, was told by Priceline that his "price of $125 was accepted by Omni Richmond Hotel," and was charged $294.36 by Priceline (which included $44.36 for "Taxes and Service Fees"). (*Id.* ¶¶ 19–21.) Mr. Johnson further alleges that without his knowledge or consent, Priceline paid the Omni Richmond Hotel less than the $125 per night that Priceline reported the hotel had accepted. (*Id.* ¶ 22.) Plaintiff Joey Marie Kelly similarly alleges that she bid $150 per night for two nights in a four–start hotel in Boston, Massachusetts, was told by Priceline that her "price of $150 was accepted by Sheraton Boston Hotel," and was charged $359.22 by Priceline (which included

$59.22 for "Taxes and Service Fees"). (*Id.* ¶¶ 23–24.) Ms. Kelly alleges that without her knowledge or consent Priceline paid the Sheraton Boston Hotel less than $300 and "retained the difference as a secret profit on the transaction." (*Id.* ¶ 25.) Plaintiffs allege that Priceline held itself out as Johnson's and Kelly's agent in procuring their hotel rooms by finding them rooms at hotels that would accept their bids and informing them that their bids had been "accepted" by the hotels. (*Id.* ¶¶ 26–28.)

Plaintiffs allege that Priceline's advertisements "present Priceline as the agent and advocate for the customer seeking discount rates from the hotels providing the rooms." (*Id.* ¶ 30.) They point to the "Priceline Negotiator" television commercials, in which actor William Shatner "uses his seductive powers," threatens, or otherwise "shake[s] down" hotels to convince them to lower their prices. (*Id.* ¶¶ 31–34.) Although these commercials state that Priceline receives discounts from hotels and passes them on to the consumer, Plaintiffs allege that Priceline retains "secret profits in violation of its duty as agent" without disclosing these profits to the consumer (*Id.* ¶¶ 34–37.)

Priceline explains its source of revenue "deep inside" its initial public offering prospectus, explaining "[w]ith respect to airline and hotel reservation services, we earn the spread between the customer's named price and the fare or rate charged by the seller." (*Id.* ¶ 40.) Plaintiffs allege that this information can also "be gleaned, with great difficulty, from Priceline's Form 10–K, for the year ended December 31, 2008, in which Priceline states that "[m]erchant revenues include . . . transaction revenues representing the selling price of Name Your Own Price®hotel rooms." (*Id.* ¶ 41.)

Plaintiffs claim that under the NYOP model, Priceline engages in "deceptive and misleading misrepresentations, omissions and concealments, statements, acts and business

practices," including "[m]isrepresenting and misleading consumers into believing that Priceline is an agent acting on the consumers' behalf with the consumers' best interest in mind, and receives only a fee from the consumer for those services," misleading consumers "into believing that Priceline is the consumers' agent by hiding the Mark–up of the Wholesale Rate without disclosing its existence or its amount," and also "[f]ailing to state and disclose the pricing information on Priceline's websites and in the customers' invoice and receipt that the total Retail Room Rate includes Priceline's Mark–up."  (*Id.* ¶ 42.) Plaintiffs further claim:

> Having represented and held itself out as acting as an agent rather than merchant and vendor in its transaction with Plaintiffs and other consumers, Priceline has assumed the fiduciary duties and responsibilities of an agent and is estopped from denying the applicability of the fiduciary duties and responsibilities of an agent.  Defendant has violated these fiduciary obligations and duties by acting and engaging in the deceptive and misleading business practices and misrepresentations enumerated and described in this Complaint.

(*Id.* ¶ 43.)

II.     Discussion[1]

Priceline argues that Plaintiffs' claims fail as a matter of law because (1) with respect to Count One for breach of fiduciary duty, Plaintiffs fail to allege facts sufficient to establish a fiduciary duty; (2) with respect to Count Two for breach of contract, Priceline fully complied with all the terms of the agreement and Plaintiffs received the full benefit of their bargain; and (3) with respect to Count Three under CUTPA, Plaintiffs fail to allege conduct that was deceptive or unfair and fail to allege an ascertainable injury and, alternatively, the Court may decline to exercise jurisdiction over the CUTPA claim if Counts One and Two are dismissed.

A.     Count One: Breach of Fiduciary Duty

"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." *Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 640 (2002).[2]  A fiduciary

---

[1] The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and  a defendant may move to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010).  A complaint will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 129 S. Ct. at 1949–50.

[2] Plaintiffs and Priceline each argue the breach of fiduciary duty claim under both the law of Connecticut (where Priceline is headquartered) and the law of Illinois (where Plaintiffs reside).  However, the parties agree that the laws of Connecticut and Illinois are

relationship is "characterized by a unique degree of trust and confidence such that one party undertook to act primarily for the benefit of the other." *Biller Assocs. v. Peterken*, 269 Conn. 716, 725 (2004). This relationship exists "only where one party to a relationship is unable to fully protect its interests or where one party has a high degree of control over the property or subject matter of another and the unprotected party has placed its trust and confidence in the other." *Hi–Ho Tower, Inc. v. Com–Tronics, Inc.*, 255 Conn. 20, 41 (2000) (internal quotation marks, alterations, and citations omitted). Arm's length transactions "lacking a relationship of dominance and dependence" do not bear the hallmarks of a fiduciary relationship. *Id.* at 39.

Plaintiffs allege in their Amended Class Action Complaint that "Priceline acted as a travel *agent* for Johnson and Kelly in procuring hotel reservations for them," (Am. Compl. ¶ 2 (emphasis in original)), and argue that as a travel agent, Priceline owes fiduciary duties to its customers. The Appellate Court of Illinois has held that a travel agent, "who, in the interest of promoting the travel plans of a client, deals with carriers, plans an itinerary, arranges for hotel accommodations, guides and tours of each city and sets up the traveler's schedule . . . owes duties of service and due care to the principal." *United Airlines, Inc. v. Lerner*, 87 Ill. App. 3d 801, 803–04 (1980). Plaintiffs do not, however, allege that Priceline promotes their travel plans, arranges itineraries or travel schedules, or deals with carriers.

---

the same with respect to breach of fiduciary duty, rendering the choice of law question a "false conflict." *Lumbermens Mut. Cas. Co. v. Dillon Co., Inc.*, 9 F. App'x 81, 83 (2d Cir. 2001) ("The threshold choice of law issue in Connecticut, as it is elsewhere, is whether there is an outcome determinative conflict between applicable laws of the states with a potential interest in the case. If not, there is no need to perform a choice of law analysis, and the law common to the jurisdiction should be applied.") Given the commonality of law between Connecticut and Illinois as to breach of fiduciary duty, in applying the law common to the two jurisdictions, the Court will rely primarily on Connecticut law.

According to Plaintiffs' factual allegations, Priceline only provides a hotel reservation at a consumer's specified price. This is a single arm's length transaction that is not characterized by a relationship of trust that more extensive arrangements and planning with a travel agent would entail.

By matching a consumer's list of specifications with a hotel reservation, Priceline is not undertaking an act primarily for the benefit of the consumer, nor is it acting with a unique degree of trust or confidence as a party with superior knowledge, skill, or expertise with a duty to represent the interests of the consumer. As described in the allegations of the Amended Class Action Complaint, Priceline merely sells the consumer a hotel reservation for the consumer's stated price with the consumer's desired characteristics. Nor do Priceline's advertisements, in which William Shatner "acts" on behalf of Priceline customers, create a fiduciary relationship between Priceline and Plaintiffs. Quirky advertising suggesting that Priceline helps customers find cheap accommodations does not create a relationship of trust and confidence. Plaintiffs allege that they entered a bidding process in which they selected a price for a hotel reservation, and were sold a reservation at that price by Priceline. A fiduciary relationship does not exist here between Plaintiffs and Priceline, and Count One is therefore dismissed.

B.      Count Two: Breach of Contract

Priceline argues that Count Two must be dismissed because Plaintiffs do not allege that Priceline failed to comply with its contractual obligations to book reservations at the stated price and in accordance with Plaintiffs' stated specifications or that they failed to receive the full benefit of the bargain. In their opposition to the motion to dismiss, Plaintiffs clarify their breach of contract claim as a claim for breach of the implied covenant of good

faith and fair dealing and argue that they have properly alleged such a breach "(i) in pleading the transactions in question; (ii) asserting that the relationship between Priceline and Plaintiffs constituted an agency relationship; and (iii) that Priceline breached its fiduciary duty." (Opp'n [Doc. # 40] at 24–25.)  As discussed above, however, Plaintiffs have failed to adequately allege an agency relationship or breach of fiduciary duty claim.  Since Plaintiffs have tied their breach of contract claim to their breach of fiduciary claim, but have failed to state a claim for breach of fiduciary duty, Count Two is therefore dismissed.

        C.      Count Three: CUTPA

      CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).  Criteria for determining whether a practice is unfair include:

> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesspersons. . . .  All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

*Ramirez v. Health Net of Northeast, Inc.*, 285 Conn. 1, 19 (2008) (internal quotation marks and citations omitted).

      Plaintiffs argue that Priceline's NYOP model is unfair and deceptive in that Priceline's practice offends public policy and is unethical and/or unscrupulous because Priceline's retention of undisclosed profit is a breach of fiduciary duty.  As with their breach of contract claim, Plaintiff's have tied their CUTPA claim to their breach of fiduciary duty

claim, which fails as a matter of law.  As Priceline does not owe a fiduciary duty to Plaintiffs, its failure to disclose to Plaintiffs and other consumers that it generates revenue by reselling hotel reservations to consumers at a higher price than what it paid for those reservations is not unscrupulous, unfair, or deceptive.  As the Superior Court of Delaware found in granting summary judgment for Priceline on similar claims of breach of contract for retaining the difference between the consumer's offer price and the amount Priceline paid for the hotel reservation, "[r]easonable users of this service would appreciate that Priceline is in the business of profiting from these transactions and as long as the consumers are receiving from their perspective a sufficient bargain from their bid, they are unconcerned what profit the Defendant may be otherwise generating."  *Marshall v. Priceline.com Inc.*, No. 05C–02–195 WCC, 2010 WL 1068197, *6 (March 8, 2010).

Plaintiffs do not allege that Priceline sold them hotel reservations that did not match their criteria or that Priceline in any way misrepresented what was ultimately provided. Although Priceline did not disclose to Plaintiffs exactly how much it profited off each transaction, it had no duty to do so.  Plaintiffs allegations demonstrate nothing more than a transaction in which Priceline sold to them what they asked for, and what was advertised. They have therefore failed to state a claim under CUTPA, and Count Three is dismissed.

III.     Conclusion

For the reasons stated above, Defendant's motion [Doc. # 31] to dismiss is GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of March, 2012.

10